U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE, ARKANSAS

SEP 0 5 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

EDWARD BURKHOLDER                                                      PLAINTIFF

v.                          CASE NO. CV-2014- 5279  JLH

MERCY HOSPITAL ROGERS d/b/a
MERCY HOSPITAL NORTHWEST ARKANSAS; and
JOHN DOES 1 – 5                                                      DEFENDANTS

---

## COMPLAINT AT LAW

---

COMES NOW the Plaintiff, EDWARD BURKHOLDER, by and through the undersigned counsel, Odom Law Firm, P.A., and for his Complaint against the Defendants, MERCY HOSPITAL ROGERS d/b/a MERCY HOSPITAL NORTHWEST ARKANSAS, and JOHN DOES 1 – 5, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      At all times relevant herein, Plaintiff Edward Burkholder was a resident and citizen of the State of Missouri.

2.      Mercy Hospital Rogers d/b/a Mercy Hospital Northwest Arkansas (hereinafter referred to as "Mercy Hospital") is purportedly a nonprofit corporation organized and existing under the laws of the State of Arkansas.  Mercy Hospital's registered agent for service of process on file with the Arkansas Secretary of State is Eric Pianalto, 2710 Rife Medical Lane, Rogers, AR 72758.  Mercy Hospital operates a hospital facility in Rogers, Arkansas, and was

responsible for the operation, management, and quality of care at said facility.  As a result, it is liable for the conduct of its agents, servants, and employees as described herein.

3.      At all times relevant herein, Mercy Hospital held itself out to the public in general, and to Edward Burkholder in particular, as being a skilled hospital facility with sufficient equipment, personnel, and staff to properly provide services, care, and treatment to Mr. Burkholder, and having competent nurses, technicians, and employees on staff and within its control who possessed and exercised the same or higher degree of training, knowledge, and skill as other members in good standing in their profession(s).

4.      At all times relevant herein, Mercy Hospital was a member of the Sisters of Mercy Health System, a foreign corporation organized and existing under the laws of a state other than Arkansas.  Upon information and belief, at all times relevant herein the Sisters of Mercy Health System maintained and administered the "St. Louis Pooled Comprehensive Liability Program," a self-insurance, pooled liability fund maintained for the payment or indemnification of certain member hospitals, clinics, and/or employees' liabilities for injuries resulting from medical negligence, including those of Separate Defendant Mercy Hospital. Pursuant to A.C.A. § 23-79-210, Arkansas' "Direct Action Statute," Sisters of Mercy Health System, as administrator of the "St. Louis Pooled Comprehensive Liability Program," is liable for any negligence of its member hospitals, clinics, and/or employees according to the terms and conditions of the program, and a proper party hereto should Mercy Hospital claim to be a charity and immune from suit.  Plaintiff reserves the right to request leave to amend this Complaint in order to name Sisters of Mercy Health System as a party to this action if and/or when Separate Defendant Mercy Hospital claims to be a charity.

5.      The specific identities of other tortfeasors are unknown at the time of filing this Complaint.  Plaintiff has designated the unknown tortfeasors with the pseudonyms John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5.  These tortfeasors are individuals or entities whose tortious or unlawful conduct proximately caused or contributed to the injuries and damages sustained by Edward Burkholder as more fully set forth below, whether said conduct was the negligent care and treatment of Mr. Burkholder or otherwise.  Further, John Does 1 – 5 may also include entities or corporations that are responsible to provide liability insurance coverage and/or indemnity to one of the named Defendants and/or individuals who may be liable for damages to the Plaintiff and whose identity is unknown at the time of the filing of this Complaint.  Plaintiff reserves the right to request leave to amend this Complaint and substitute the real parties in interest for John Does 1 – 5.  Attached hereto and incorporated by reference is an Affidavit duly executed by Plaintiff's attorney that the identities of the tortfeasors are unknown pursuant to A.C.A. § 16-56-125.  *See attached Exhibit "A."*

6.      This is a medical negligence and/or ordinary negligence action arising from negligent acts and/or omissions which occurred at Mercy Hospital in Rogers, Benton County, Arkansas, on or about May 22, 2013, through June 7, 2013.

7.      This action arises under the common law of the State of Arkansas, the Arkansas Medical Malpractice Act, A.C.A. § 16-114-201 *et seq.*, and other applicable laws.  This action was timely filed within the applicable statute of limitations.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

9.      This Court has personal jurisdiction over the parties to this action.

10.     Venue is proper in this Court.

## FACTUAL ALLEGATIONS

11.     Plaintiff was a patient under the care of Mercy Hospital in Rogers, Benton County, Arkansas from on or about May 22, 2013, until on or about June 7, 2013, when he was discharged to HealthSouth Rehabilitation Hospital.

12.     Plaintiff was admitted to Mercy Hospital for coronary artery disease and underwent a triple coronary artery bypass grafting operation with endoscopic vein harvesting performed by Dr. Edgar J. Chauvin on or about May 22, 2013.  Following the operation, Plaintiff remained under the care and control of Mercy Hospital until his discharge to HealthSouth Rehabilitation Hospital on or about June 7, 2013.  Based upon the total body assessment performed by Mercy Hospital, its nurses, technicians, agents, servants, and/or employees, Plaintiff did not have any areas of skin breakdown or suffer from any pressure ulcers at the time of his admission on or about May 22, 2013.

13.     Following Plaintiff's operation on or about May 22, 2013, and at all times thereafter, Mercy Hospital, its nurses, technicians, agents, servants, and/or employees knew or should have known of Plaintiff's serious medical condition, including the severely decreased mobility of his entire body, and of his lower extremities in particular, which placed him at an increased risk for the development of pressure ulcers in the event widely recognized and accepted precautions to prevent the development of pressure ulcers were not followed.

14.     Despite the above, Mercy Hospital, its nurses, technicians, agents, servants, and/or employees failed to supervise, monitor, and/or attend to Plaintiff in a reasonable, prudent, and competent manner to prevent the development of pressure ulcers during the course of Plaintiff's hospitalization.

15.     As a direct and proximate result of the failures of Mercy Hospital, its nurses, technicians, agents, servants, and/or employees, Plaintiff experienced severe skin breakdown during his postoperative hospital admission from May 22, 2013, up to and including June 7, 2013.  This severe skin breakdown resulted in the development of a Stage 2 pressure ulcer on Plaintiff's left buttocks, which was first discovered and/or first documented by the Mercy Hospital intensive care nursing staff on or about May 26, 2013.

16.     Upon Plaintiff's discharge from Mercy Hospital on or about June 7, 2013, Plaintiff continued to suffer from the above pressure ulcer, which increased in severity to Stage 3.

17.     Following his discharge from Mercy Hospital, Plaintiff began a course of specialized wound care treatment to prevent infection, reduce, and eventually heal the pressure ulcer.  This treatment lasted until on or about July 24, 2013.

## MEDICAL NEGLIGENCE OF MERCY HOSPITAL

18.     Mercy Hospital, its nurses, technicians, agents, servants, and/or employees owed a duty to Plaintiff to apply, with reasonable care, the degree of skill and learning ordinarily possessed and used by members of the profession, in good standing, engaged in the same type of medical service in the same or similar locality in which Mercy Hospital, its nurses, technicians, agents, servants, and/or employees practice.

19.     Mercy Hospital, its nurses, technicians, agents, servants, and/or employees breached the above duty owed to Plaintiff, including, but not limited to the following particulars:

      a.   Failure to assess Plaintiff's skin upon admission to Mercy Hospital and daily for the development of any pressure ulcers;

b. Failure to turn or otherwise reposition Plaintiff at least every two hours in order to prevent skin breakdown and the development of pressure ulcers;

c. Failure to minimize friction and shearing by using proper positioning, turning, and transferring techniques in order to prevent skin breakdown and the development of pressure ulcers;

d. Failure to properly document or chart findings and indications of nursing assessments or other regular monitoring of Plaintiff, all of which is necessary to ensure continuity of care and facilitate collaboration with other care or treatment given;

e. Failure to properly document or chart measures used to prevent the development of pressure ulcers or treat any existing pressure ulcers and the results of any such measures, all of which is necessary to ensure continuity of care and facilitate collaboration with other care or treatment given; and

f. Failure to follow established precautions, procedures, and/or protocols necessary to ensure the safety of patients, including the Plaintiff and others similarly situated.

20.    Each of the above failures is a breach of the applicable standard of care, and thereby constitutes negligence on the part of Mercy Hospital, its nurses, technicians, agents, servants, and/or employees.

21.    At all times alleged herein, Plaintiff was under the care of the nurses, technicians, agents, servants, and/or employees of Mercy Hospital, and all said persons were acting within the course and scope of their employment with Mercy Hospital at all times alleged herein.

22.    The equipment, nurses, technicians, agents, servants, and/or employees involved in the care of Plaintiff were all things or instrumentalities under the control or management of Mercy Hospital.

23.    As a direct and proximate result of the above-described negligent acts and/or omissions of Mercy Hospital, its nurses, technicians, agents, servants, and/or employees, Plaintiff experienced severe skin breakdown and developed a pressure ulcer during his admission to the intensive care unit at Mercy Hospital.  This pressure ulcer required Plaintiff to undergo additional, unwanted medical care necessary to heal the wound.  As a direct and proximate result of the above-described negligent acts and/or omissions of Mercy Hospital, its nurses, technicians, agents, servants, and/or employees, Plaintiff suffered further damages as more fully set forth below.

### ORDINARY NEGLIGENCE OF MERCY HOSPITAL

24.    Mercy Hospital, its nurses, technicians, agents, servants, and/or employees owed a duty to Plaintiff to act reasonably and exercise the ordinary care that a reasonably careful person would exercise under circumstances similar to those surrounding Plaintiff's admission to Mercy Hospital.

25.    Mercy Hospital, its nurses, technicians, agents, servants, and/or employees breached the above duty owed to Plaintiff, including, but not limited to the following particulars:

      a.  Failure to supervise, monitor, and/or attend to Plaintiff in a reasonable and prudent manner;

      b.  Failure to properly care for and treat Plaintiff;

c. Failure to accommodate Plaintiff's individual needs;

d. Failure to hire qualified and/or adequately trained nurses, technicians, agents, servants, and/or other employees;

e. Failure to properly train, supervise, and/or manage nurses, technicians, agents, servants, and/or employees in order to ensure the safety of patients, including the Plaintiff and others similarly situated; and

f. Failure to follow established precautions, procedures, and/or protocols necessary to ensure the safety of patients, including the Plaintiff and others similarly situated.

26.    It is common knowledge that it is improper and harmful not to attend to, monitor, and/or supervise a patient after surgery and in the condition of Plaintiff, and that such a failure will likely cause injury and/or additional, unwanted medical care to a patient.

27.    It is common knowledge that it is improper and harmful not to properly care for, treat, and/or accommodate the needs of a patient after surgery and in the condition of Plaintiff, and that such a failure will likely cause injury and/or additional, unwanted medical care to a patient.

28.    It is common knowledge that a failure to follow established safety precautions, procedures, and/or protocols is improper, harmful, and will likely cause injury and/or additional, unwanted medical care to a patient.

29.    The above-referenced duties may not involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons on the basis of common everyday experience.

30.     The above-referenced duties may not require any level of expert medical judgment, but merely required Mercy Hospital, its nurses, agents, servants, and/or employees to follow established safety precautions, procedures, and/or protocols necessary to ensure the safety of Plaintiff and others similarly situated.

31.     As a direct and proximate result of the above-described negligent acts and/or omissions of Mercy Hospital, its nurses, technicians, agents, servants, and/or employees, Plaintiff experienced severe skin breakdown and developed a pressure ulcer during his admission to the intensive care unit at Mercy Hospital.  This pressure ulcer required Plaintiff to undergo additional, unwanted medical care necessary to heal the wound.  As a direct and proximate result of the above-described negligent acts and/or omissions of Mercy Hospital, its nurses, technicians, agents, servants, and/or employees, Plaintiff suffered further damages as more fully set forth below.

## DAMAGES

32.     As a direct and proximate result of the actions of Mercy Hospital, its nurses, technicians, agents, servants, and/or employees, Plaintiff suffered damages, including, but not limited to, the following:

      a.  Medical expenses in the past;

      b.  Conscious pain and suffering in the past;

      c.  Mental anguish in the past; and

      d.  Loss of enjoyment of life in the past;

For all of which he is entitled to judgment against Mercy Hospital in an amount in excess of that required for federal jurisdiction in diversity of citizenship cases.

33.    PLAINTIFF DEMANDS A TRIAL BY JURY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be ordered to appear and answer this Complaint; that Plaintiff be granted judgment against the Defendants, jointly and severally, for his damages alleged herein in an amount in excess of that required for federal jurisdiction in diversity of citizenship cases; and that Plaintiff be granted his costs, attorney fees, interest, and any and all other relief, both at law and in equity, to which this Court, in its discretion, may find him to be entitled.

Respectfully submitted,

EDWARD BURKHOLDER, Plaintiff

By:  _____
Alan L. Lane, Ark. Bar No. 03131
Bryant E. Crooks, Ark. Bar No. 13169
ODOM LAW FIRM, P.A.
1 East Mountain
P.O. Drawer 1868
Fayetteville, AR 72702
(479) 442-7575 *tel*
(479) 442-9008 *fax*
alane@odomfirm.com
bcrooks@odomfirm.com

*ATTORNEYS FOR PLAINTIFF*