IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EDWARD BURKHOLDER                                                              PLAINTIFF

V.                              CASE NO. 5:14-CV-5279

MERCY HOSPITAL ROGERS,
d/b/a Mercy Hospital Northwest Arkansas                                        DEFENDANT

## OPINION AND ORDER

Currently before the Court is the Defendant's Motion for Partial Summary Judgment (Doc. 14) and supporting brief and statement of undisputed facts (Docs. 15 and 16), all of which were filed on October 14, 2015. The Plaintiff has not filed any type of response or objection. The time to respond has now expired. As a consequence of his failure to respond, and for other substantive reasons stated herein, Defendant's Motion for Partial Summary Judgment (Doc. 14) is **GRANTED**.

## I. BACKGROUND

Plaintiff Edward Burkholder ("Burkholder") brings this action for medical injury against Defendant Mercy Hospital Rogers ("Mercy Hospital"). The Court's jurisdiction is pursuant to diversity of citizenship. 28 U.S.C. §1332. Burkholder claims to have suffered injuries and damages proximately caused by negligent acts and omissions of Mercy Hospital and its employees. According to Burkholder, he did not receive appropriate nursing care and treatment following coronary artery bypass surgery on May 22, 2013—which resulted in a skin breakdown and the development of a severe pressure ulcer on his buttocks. The Complaint appears to allege separate causes of action for "medical negligence" *and* "ordinary negligence," premised on theories of direct and vicarious liability.

Mercy Hospital now seeks Partial Summary Judgment and dismissal of the "ordinary negligence" cause of action.

## II. LEGAL STANDARD

When a motion for summary judgment is filed, "partial" or otherwise, the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must review the facts in the light most favorable to the non-moving party and give that party the benefit of any inferences that can be drawn logically from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998). The moving party has the burden of proving that there are no material factual disputes. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).

Once the moving party has met this burden, then the non-moving party must present "specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. Fed. R. Civ. P. 56(c). To accomplish this task, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

## III. DISCUSSION

Burkholder did not file a response to the Motion. Nor has he attempted to meet proof with proof, or otherwise contest Mercy Hospital's legal argument that his claims for "ordinary negligence" must be dismissed as a matter of law. The Court is therefore left to assume that Burkholder must agree that the facts as pled should be construed as a claim for "medical injury," as defined by Arkansas' Medical Malpractice Act, A.C.A. §16-114-201, *et seq*. Certainly, Burkholder has made no allegation, much less offered any proof in response, that the damages were caused by an act or omission outside "the course of professional services being rendered by [Mercy Hospital or its employees]." A.C.A. §16-114-201(3).[1]

Mercy Hospital is correct, of course, that all suits brought against "medical care providers" seeking to recover damages on account of medical injuries must comply with the procedural and substantive requirements of the Medical Malpractice Act. This includes claims against hospitals and their nursing staffs for failure to provide appropriate post-operative care and treatment—as alleged in Burkholder's Complaint. A.C.A. §16-114-201(2) and (3). And the Medical Malpractice Act specially governs claims sounding "in tort, contract, or otherwise. . ." A.C.A. §16-114-201(1). Thus, Burkholder's tort causes of action

---

[1] Where the negligence of a medical provider is premised on facts outside the rendition of "professional services," the requirements of the Medical Malpractice Act might not apply. *Bailey v. Rose Care Ctr.*, 307 Ark. 14, 19 (1991). But here Mercy Hospital *was* acting within the context of providing professional medical services. *Sexton v. St. Paul Fire & Marine Ins. Co.*, 275 Ark. 361, 363 (1982)("A hospital is required to consider the patient's capacity to care for himself and to protect the patient from dangers created by his weakened condition")(internal citation omitted).

and proof at trial must comply with the requirements of the Medical Malpractice Act, regardless of whether the tort claim is parsed as one for "medical negligence" or "ordinary negligence." *See Spring Creek Living Ctr. v. Sarrett*, 319 Ark. 259, 262 (1995); *Dodd v. Sparks Reg'l Med. Ctr.*, 90 Ark. App. 191, 196 (2005). Accordingly, Burkholder's attempt to state a cause of action for "ordinary negligence" outside the purview of the Medical Malpractice Act fails as a matter of law. Instead, the Court will construe his tort causes of action as claims for medical injury—which must comply with the procedural and burden of proof requirements set forth at A.C.A. §16-114-201, *et seq.*

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Mercy Hospital's Motion for Partial Summary Judgment (Doc. 14) is **GRANTED**. Consequently, all of Plaintiff Edward Burkholder's tort causes of action will be construed as claims for "medical injury" and must therefore comply with A.C.A. §16-114-201, *et seq.*

**IT IS SO ORDERED** on this 17th day of November, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE